ON RECONSIDERATION EX PROPRIO MOTU MOTION TO DISMISS
SWIFT, Judge.
We dismissed, ex proprio motu, the plaintiff-appellant’s appeal in the above captioned case, due to appellant’s failure to follow Section 1 of our internal rules which required the appellant’s brief be filed within 60 calendar days after the date of filing of the transcript of appeal.
The appellant has filed a Motion to Reconsider our order of dismissal. We deny appellant’s motion.
Appellant argues that his failure to file his brief timely was due to a misunderstanding between appellant’s counsel and the clerk’s office as to when appellant’s brief was due. Our examination of the facts reveals this allegation to be incorrect. Although prior to the filing of the appeal there were discussions between counsel for the appellant and the clerk’s office as to whether the appeal was taken pursuant to Title 18 or Title 26 of the Revised Statutes, *197 the clerk informed all counsel of record in this case on the day of filing that the court considered the appeal as one taken pursuant to Title 26, and therefore would be handled as an ordinary appeal. Pursuant thereto, the clerk sent out notice of appeal to all counsel of record. To these notices were attached “SPECIAL NOTICE OF RULE CHANGES” which notice clearly informed counsel of the internal rule of this court. Also on the notice of appeal itself was clearly set forth the date appellant’s brief was due, which notice is reproduced in pertinent part below.

Appellant further argues that this appeal was dismissed without any prior notice, This allegation we find is not correct. On January 25, 1982 counsel for the appellant was sent a letter informing him that his brief had not yet been received and therefore not timely filed, and specifically called counsel’s attention to our internal rule im *198 plementing Section 5(b), Rule 7 of the Uniform Rules, Courts of Appeal, that his appeal would be dismissed if his brief was not filed within 60 days of the date of the lodging of the record. A copy of this letter is reproduced below.

As to appellant’s last argument, that his counsel and the clerk had conversations concerning this case, we find such allegation to be true but all such conversations occurred prior to the 60 days having passed.
Appellant having failed to timely file his brief under our internal rule, even after having been warned of the consequences of his failure to do so, its appeal is hereby dismissed.